By the Court.—Sedgwick, J.
—The plaintiff did not attempt to prove, that the defendant expressly promised to pay the consideration, that the complaint stated, viz., $30,000, after deducting the incumbrances upon the property. On the contrary, she testified that the defendant agreed to pay the whole $30,000. Of course the action was not for this. The complaint did not claim it, nor did the plaintiff ask for it on the trial. The proof under the complaint would not have supported a verdict that $30,000 was due. The deed by itself could not justify the conclusion that $30,000 was due, for the complaint averred the contrary, and showed that the defendant had promised to pay only the difference. If the plaintiff may rely on the promise stated in the complaint, as one implied from all the circumstances, the result is the same, that she can only recover the difference, upon the implied promise to pay that.
In this case, the burden of proof was upon the plaintiff to show what this difference was, and as implied in that to show by some measure of proof that there were no other or greater incumbrances than her testimony admitted to exist. She could not rest upon a presumption of fact, that in the absence of proof to show the existence of a lien, it could be taken for granted there was none—because the agreement itself showed the understanding to be that there were liens.
ISTor was the burden upon the defendant to mitigate damage, by showing the existence of liens, for, as the plaintiff left the case, the amount of damages had not been, shown, and until there is prima facie proof of the *51 sum due, the defendant is not called upon for proof to lessen it.
Nor was the amount of the incumbrances peculiarly within the defendant’s knowledge. The plaintiff had the same opportunities and the same interest to ascertain them.
As the plaintiff’s case involved affirmative and negative propositions she was bound to give evidence to sustain both. " To this general rule, that the burden of proof is on the party holding the affirmative, there are some exceptions, in which the proposition, though negative in its terms, must be proved by the party who states it. One class of these exceptions will be found to include those cases in which the plaintiff grounds his right of action upon a negative allegation, and where, of course, the establishment of this negative is an essential element in his case, &c.” (Greenleaf’s Ev. § 78). In this case part of the plaintiff’s proof «cannot be a presumption that there were no liens, for the reason that the agreement expressly admitted the contrary.
The plaintiff wholly failed to show the amount of unpaid taxes and assessments, going no further than to say they were not large—about $1,300—but in fact she did not know their amount. I think, therefore, that the case should have been taken from the jury upon the request of defendant’s counsel.
I am further of opinion that if the plaintiff had introduced testimony that the defendant had paid the $500 mortgage upon the premises to Martin, that the defendant would have had a right to show what he said at the time of the payment. The declarations of a party, at the time of delivering money, are a part of the res gestae. In fact, however, the defendant himself introduced the testimony that he had paid the mortgage to Martin, and his offer to show what he said at the time was an attempt to get into evidence his own *52 declaration as to his relations to the property. I do not think that the judgment should be reversed for the exclusion of this evidence.
But I think there should be a new trial on the other ground—that the burden of proof was on the plaintiff to show what incumbrances there were on the property, and their amount. She failed to show these things, and the motion to dismiss the complaint should have been granted.
Judgment reversed, new trial granted, with costs to appellant to abide event.
Speir and Freedman, JJ., concurred.